UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NUMBER: |
| MARCIA LOUISE MARGOTTA | 09-05971-8-JRL |
| | CHAPTER 13 |
| DEBTOR(S) | |

MINUTES OF 341 MEETING AND
MOTION FOR CONFIRMATION OF PLAN

NOW COMES, the Trustee in the above referenced Chapter 13 case and moves the Court for entry of an Order confirming the Plan in this case, and as to the extent modified by this Motion. In support of this Motion, the Trustee says unto the Court the following:

1. That the Debtor(s) appeared at the meeting of creditors, as required by 11 U.S.C. §341 and submitted to an examination under oath by the Trustee on SEPTEMBER 9, 2009 or has (have) supplied answers to written interrogatories;

2. The Debtor(s) has/have complied with all requirements of 11 U.S.C. §521(a)(1)(B) and Interim Bankruptcy Rules 1007 and 4002(b), as modified and adopted by this Court, and this case has not been dismissed, nor is it subject to dismissal, under 11 U.S.C. §521(i).

3. There are no pending objections to confirmation or other filings or pleadings that would impede the confirmation of the Plan in this case;

4. The analysis of this Plan has been performed by the Trustee, as evidenced by Exhibit "A" attached hereto, and the Trustee is of the opinion that the Plan meets the requirements of 11 U.S.C. §1325;

5. The Debtor(s) shall pay to the Trustee, beginning on the first day of the first month after this case was filed, monthly payments of: 38 MONTHS @ $199.00 or until all required claims have been paid in full and all unsecured creditors have received an amount sufficient to satisfy the requirements of §1325(b)(1)(b). The obligation to make such payments, however, shall cease upon payment to the Trustee of a sum sufficient to pay in full: (A) allowed administrative priority claims, including specifically the Trustee's commission and attorneys' fees and expenses ordered by the Court to be paid to the attorney for the Debtor(s), (B) allowed secured claims (including but not limited to arrearage claims), excepting those which the confirmed plan or subsequent order of this court provide shall be paid directly by the Debtor(s) rather than by the Trustee, (C) allowed unsecured priority claims, (D) if the confirmed plan or subsequent order so provides, a consumer debt of the Debtor(s) on which an individual is obligated with the Debtor(s), (E) post-petition claims allowed under §1305, and (F) the dividend, if any, required to be paid to non-priority, general unsecured creditors (and not including priority unsecured creditors) under §1325 (b)(1)(B), and (G) the amount necessary to pay creditors to satisfy the liquidation test of §1325 (a)(4). The Trustee shall disburse such funds pursuant to the terms of the confirmed plan and subsequent orders of the court. The amounts to be paid to the Trustee under the confirmed plan and subsequent orders of the court must be paid to the Trustee before a discharge may be entered;

6. The Plan establishes a minimum pool of funds to be paid to the Trustee by the Debtor(s) called the "Unsecured Pool," as provided for in 11 U.S.C. §1325 (b)(1)(B). The Plan establishes the Unsecured Pool in this case as $3,985.00. General unsecured creditors shall receive their *pro rata* portion of funds in the Unsecured Pool;

7. Generally, and subject to orders entered hereafter by this Court, any claim proof of which is not filed before on or before DECEMBER 8, 2009 shall be disallowed. Claims of governmental units, proofs of which are not filed before JANUARY 18, 2010 shall be disallowed.

8. Scheduled claims, proofs of which are not timely filed, or which claims are disallowed, are subject to being discharged if the Debtor(s) complete the Plan, except as specifically provided by law. The liens of creditors which will not be paid in full during the term of the Plan, or which are to be paid directly by the Debtor(s), are not affected by the confirmation of this Plan, except as provided in paragraph 9 below;

9. The claims of the following secured creditors shall be paid in the amount set out below. The amount shown has been adjusted to account for any adequate protection payments(s) paid to the creditor by the Trustee in accordance with Local Rule 3070-1(b) prior to the date of this motion, and a similar adjustment shall be made should any additional adequate protection payments be disbursed by the Trustee prior to the confirmation of the Plan. All adequate protection payments are applied to reduction of the principal amount of the creditor's claim. With respect to claims listed below for which the terms of repayment are listed as: "Direct" or "Outside" or similar language regarding the payment of a claim under this Plan, such language means that the Debtor(s) or a third party will make the post-petition payments in accordance with the contractual documents which govern the rights and responsibilities of the parties to the transaction, including any contractual modifications thereof, beginning with the first payment that comes due following the order for relief. With respect to claims for which the collateral is described as "Arrears," the amount thereby shown as pre-petition arrears shall be cured through plan payments made by the Debtor(s) in the manner set forth under the heading "Repayment." The lien of each such creditor shall survive the discharge(s) of the Debtor(s), provided that upon payment to the creditor of the allowed arrearage claim, shown below (or as changed by a timely filed and allowed claim or amendment to claim or order of this Court), the Debtor(s) shall be deemed to be current under the terms of the debt as of the petition date. With respect to claims listed below for which the terms of repayment are listed as: "Surrender," upon entry of an Order confirming the plan, as modified by this Motion the automatic stay of 11 U.S.C. §362(a) shall thereupon be lifted and modified with respect to such property "for cause" under 11 U.S.C. §362(d)(1), as allowed by Local Rule 4001-1(b). If "Scheduled" appears next to or below "Amount," below, such notation indicates that no claim has been filed by or on behalf of the Creditor. In accordance with 11 U.S.C. §502, no disbursements may be made to a creditor who does not hold an allowed claim which requires the timely filing of a proof of claim pursuant to and in accordance with 11 U.S.C. §501, Federal Rules of Bankruptcy Procedure 3001, 3002, and 5005, Interim Bankruptcy Rule 3002, as modified and adopted by this Court, and Local Rules 3001-1(b), 3004-1 and 5005-1 through 5005-4(12). Should an objection to a claim be filed, the Trustee may reserve payments on such claim pending entry of a final order resolving such objection. The amount shown as "monthly payment" is the average amount the creditor will receive each month during the life of the plan. Numerous variables (such as payment of attorneys fees, the timing of the preparation and filing of this Motion, the filing of claims after confirmation, the timing of payments made to the Trustee, etc.) make determination of an exact monthly payment to be disbursed each month impossible. The creditor's allowed claim will be paid within the term stated.

Case 09-05971-8-JRL   Doc 17   Filed 05/21/10   Entered 05/21/10 09:20:09   Page 3 of 6

| Creditor | Collateral | Amount | Int. rate/Term/Mo. Pymt |
|---|---|---|---|
| 1- Durham Co. Tax | Property Tax - 817 Ricon | $ UNKNOWN | TO BE SURRENDERED |
| 2- GMAC Mortgage | 2nd DOT- 817 Ricon | $44,380.00 SCHEDULED AMT. | TO BE SURRENDERED |
| 3- Wells Fargo Home | 1st DOT - 817 Ricon | $121,000.00 SCHEDULED AMT. | TO BE SURRENDERED |

10. The following creditors have filed secured proofs of claim, but, due to the value placed on the collateral, the claims will be treated as unsecured and paid with other unsecured claims;

| Creditor | Collateral | Present Value | Repayment Rate/Term |
|---|---|---|---|
| NONE | | | |

11. The treatment of claim indicated in paragraphs 9 and 10 above is based on information known to the Trustee at the time of the filing of this Motion. The treatment of some claims may differ from that indicated if subsequent timely filed claims require different treatment;

12. The following executory contracts and unexpired leases shall be either assumed or rejected as indicated below. With respect to any such contract or lease which is "Rejected," upon entry of an Order confirming the plan, as modified by this Motion, the automatic stay of 11 U.S.C. § 362(a) shall be lifted and modified with respect to such agreement and any property held by the creditor or lessor, including but not limited to any security deposit, "for cause under 11 U.S.C. § 362(d)(1).

| Creditor | Property Leased or Contracted For | Treatment |
|---|---|---|
| 13- Sprint | Cell Phone Service Contract | ASSUMED |

13. Priority claims shall be paid in full over the term of the Plan;
14. That confirmation of this Plan will be without prejudice to pending Motions for Relief From the Automatic Stay and will be without prejudice to objections to claim and avoidance actions;
15. That confirmation of the Plan vests all property of the estate in the Debtor(s), provided, however, that upon confirmation, and hence such vesting, the automatic stay of 11 U.S.C. §362(a) shall be re-imposed as to any and all property with respect to which such vesting would otherwise effect the lifting of the automatic stay under 11 U.S.C. §362(c)(3)(A). Should any creditor object to the foregoing, then the property related to such creditor's claim or the subject of such objection shall not vest in the Debtor(s), but shall remain property of the bankruptcy estate of the Debtor(s), until the earliest of the time the case is closed, the time the case is dismissed, or the time a discharge is granted or denied to the Debtor(s);
16. That the attorney for the debtor(s) is requesting fees in the amount of $3,000.00. The Trustee recommends to the Court a fee of $3,000.00. If the recommended fee is different from that requested, an explanation can be found in Exhibit "A".

DATED: May 20, 2010

/s/ John F. Logan
John F. Logan
Standing Chapter 13 Trustee
NC State Bar No. 12473
PO Box 61039
Raleigh, NC  27661-1039

REVISED 08-31-06

EXHIBIT "A"

| | |
|---|---|
| NAME OF DEBTOR(S): MARCIA LOUISE MARGOTTA | CASE NUMBER: 09-05971-8-JRL |
| EMPLOYMENT: Debtor: Town of Chapel Hill | GROSS INCOME: $5,235 |

BUSINESS:        NON-BUSINESS: X

Prior Bankruptcy Cases: Yes:        No: X
If so, Chapter filed:        Disposition:

Real Property: (Brief Description: Ex - H&L, mobile home, etc)
Description:        817 Ricon - TO BE SURRENDERED

| | | | |
|---|---|---|---|
| FMV | $139,000 | Date Purchased | |
| Liens | $165,380 | Purchase Price | $ |
| Exemptions | $ -0- | Improvements | $ |
| Equity | $ -0- | Insured for | $ |
| Rent | $ -0- | Tax Value | $ |

Tenants by Entirety:  Yes ()        No (X)

COMMENTS:

Attorney Fees:
Requested:        $3,000 (excluding filing fee)
Paid:        $  -0- (excluding filing fee)
Balance:        $3,000

Trustee's Recommendation: $3,000
Comments:  John T. Orcutt

| Plan Information: After 341 | | | | Payout % After 341 |
|---|---|---|---|---|
| Total Debts | $170,084 | Pay in | $* | Priority 100% |
| Priority | $ -0- | Less 6% | $* | Secured 100% |
| Secured | $ -0- | Requested | | Unsecured * *% |
| Unsecured | $170,084 | Atty fee | $3,000 | Joint-0-% |
| Joint Debts | $ -0- | Available | $* | Co-Debts % |
| Co-Debtor | $ -0- | | | |

*See ¶5 & ¶6

Annual Review:        Yes: () No: (X)
Payroll Deduction:        () Yes   (X) No

Objection to Confirmation:        Yes ()   No (X)
Pending:
Resolved:

Motions Filed:    Yes () No (X)
If so, indicate type and status:

Hearing Date:

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA

IN RE:                                                                    CASE NUMBER:
MARCIA LOUISE MARGOTTA                                 09-05971-8-JRL
                                                                               CHAPTER 13
    DEBTOR(S)

### NOTICE OF MOTION FOR CONFIRMATION OF PLAN

John F. Logan, Chapter 13 Trustee, has filed papers with the Court to confirm the Chapter 13 Plan.

<u>Your rights may be affected</u>. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the Court to grant the Motion for Confirmation of the Plan, or if you want the Court to consider your views on the Motion, then on or before___JUNE 17, 2010___you or your attorney must file with the Court, pursuant to Local Rule 9013-1 and 9014-1, a written response, an answer explaining your position, and a request for hearing at:

U.S. Bankruptcy Court
Eastern District of North Carolina
PO Box 1441
Raleigh, NC 27602

If you mail your response to the Court for filing, you must mail it early enough so the Court will receive it on or before the date stated above.

Your must also mail a copy to the debtor(s), debtor(s) attorney, and Trustee at the following addresses:

| John F. Logan | MARCIA LOUISE | JOHN T. ORCUTT, ESQ. |
| Chapter 13 Trustee | MARGOTTA | 6616-203 SIX FORKS ROAD |
| PO Box 61039 | 211 LANCASTER ROAD | RALEIGH, NC 27615 |
| Raleigh, NC 27661-1039 | MEBANE, NC 27302 | |

If a response and a request for hearing is filed in writing on or before the date set above, a hearing will be conducted on the motion at a date, time and place to be later set, and all parties will be notified accordingly.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion and may enter an order confirming the plan.

DATED:__May 20, 2010

                                                                    /s/ John F. Logan
                                                                John F. Logan, Chapter 13 Trustee
                                                                PO Box 61039
                                                                Raleigh, NC 27661-1039
                                                                (919) 876-1355

## CERTIFICATE OF SERVICE

DEBTOR 1 NAME: MARCIA LOUISE MARGOTTA                CASE NUMBER:  0905971
DEBTOR 2 NAME:

I <u>Robert J. Wallace, Jr.</u> certify under penalty of perjury that I have served copies of the Minutes of 341 Meeting And Motion for Confirmation of Plan and the Notice of Motion for Confirmation of Plan on the parties listed below in the manner shown on <u>05/20/2010</u>:

Via U.S. first class mail, or by electronic service, if such interested party is an electronic filing user, pursuant to Local Rule 5005-4(9)(b):

JOHN T. ORCUTT, ATTORNEY AT LAW, 6616-203 SIX FORKS RD., RALEIGH NC  27615 -
AMERICAN DEBT COUNSELING, 14051 NW 14TH STREET, SUNRISE FL  33323,  -
AMERICAN GENERAL FINANCE, ATTN: MANAGER OR REG. AGENT, P.O. BOX 3212, EVANSVILLE IN  47731-3212 -
CANDICA, LLC, c/o: WEINSTEIN & RILEY, PS, PO BOX 3978, SEATTLE WA  98124 -
CANDICA, LLC, c/o: WEINSTEIN & RILEY, PS, 2001 WESTERN AVENUE, SUITE 400 SEATTLE WA  98121 -
CITI, C/O CITICORP, PO BOX 6500, SIOUX FALLS SD  57117-6500 -
CITIBANK (SOUTH DAKOTA), NA, PO BOX 6282, SIOUX FALLS SD  57117-6282,  -
CREDIT TRUST GROUP LLC, 7351 WILE ROAD #201, CORAL SPRINGS FL  33067,  -
DURHAM COUNTY TAX COLLECTOR, P.O. BOX 3397, DURHAM NC  27702,  -
FHA, 1500 PINE CROFT ROAD, GREENSBORO NC  27407,  -
GE MONEY BANK, C/O RECOVERY MGMT. SYSTEMS CORP., 25 SE 2ND AVE., STE. 1120, MIAMI FL  33131 -
GMAC MORTGAGE, 3451 HAMMOND AVENUE, WATERLOO IA  50702-5345,  -
KRISTIN BOGREN, 2930 NEW HAVEN DRIVE APT. 203, DURHAM NC  27703,  -
MARCIA LOUISE MARGOTTA, 211 LANCASTER ROAD, MEBANE NC  27302,  -
PORTFOLIO RECOV. ASSOC., LLC, PO BOX 41067, NORFOLK VA  23541,  -
PORTFOLIO RECOV. ASSOC., LLC, PO BOX 12914, NORFOLK VA  23541,  -
SEAN M. CORCORAN, BROCK & SCOTT, PLLC, 5121 PARKWAY PLAZA DRIVE, SUITE 300, CHARLOTTE NC  28217 -
SPRINT, PO BOX 8077, LONDON KY  40742-8077,  -
TARGET NATIONAL BANK, ATTN: MANAGING AGENT, PO BOX 1581, MINNEAPOLIS MN  55440 -
TARGET NATIONAL BANK, c/o: WEINSTEIN & RILEY, PS, 2001 WESTERN AVENUE, SUITE 400 SEATTLE WA  98121 -
TARGET NATIONAL BANK, c/o: WEINSTEIN & RILEY, P.S., PO BOX 3978, SEATTLE WA  98124-3978 -
U.S. DEPT. OF EDUCATION, ATTN:  PAYMENT CENTER, P.O. BOX 530260, ATLANTA GA  30353-0260 -
U.S. DEPT. OF EDUCATION, DIRECT LOAN SERVICING CENTER, PO BOX 5609, GREENVILLE TX  75403 -
US ATTORNEY`S OFFICE, MIDDLE DISTRICT, PO BOX 1858, GREENSBORO NC  27402-1858 -
US DEPT OF EDCUATION, PO BOX 5609, GREENVILLE TX  75403-5609,  -
WELLS FARGO HOME MORTGAGE, PO BOX 10335, DES MOINES IA  50306-0335,  -

I certify that I have prepared the Certificate of Service and that it is true and correct to the best of my knowledge, information and belief.

Date: <u>05/20/2010</u>     Signature: _____*Robert J. Wallace, Jr.*_____

Premium Graphics, Inc.
2099 Thomas Road, Suite 10
Memphis, TN 38134